THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE V. CAMPOS, MARTHA OROZCO, | § | |
| DIANA QUINTANILLA, | § | |
| FRANCISCO A CUELLAR, ARTURO | § | |
| CASTILLO, SR., JAVIER GARZA AND | § | |
| LINDA GARZA | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-070 |
| | § | |
| DONNA INDEPENDENT SCHOOL | § | |
| DISTRICT, ALBERT SANDOVAL, | § | |
| TOMASA RAMOS AND NICK | § | |
| CASTILLO, INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITY AS | § | |
| MEMBERS OF THE BOARD OF | § | |
| TRUSTEES, | § | |
|     Defendants. | § | JURY REQUESTED |

PLAINTIFFS' FIRST ORIGINAL COMPLAINT

COME NOW, JOSE V. CAMPOS, MARTHA OROZCO, DIANA QUITANILLA, FRANCISCO A. CUELLAR, ARTURO CASTILLO, SR., JAVIER GARZA and LINDA GARZA, Plaintiffs, complaining of DONNA INDEPENDENT SCHOOL DISTRICT and ALBERT SANDOVAL, TOMASA RAMOS and NICK CASTILLO, individually and in their official capacity as members of the Donna ISD board of trustees, and in support thereof would show the following:

I.

NATURE OF ACTION

1.1     This is an action under the United States Constitution for violation of Plaintiffs' rights under the First and Fourteenth Amendments.  Additionally, this action is brought under

1

Title VII of the Civil Action Rights of 1964, as amended and the Age Discrimination in Employment Act of 1967, as amended (ADEA) and the Sex Discrimination in Employment provisions of federal law.

1.2    Specifically, while acting under color of law, Defendants took adverse employment actions against Plaintiffs' employment in violation of their due process rights and their protected first amendment rights.  Alternatively, Defendants demoted several of the Plaintiffs because of their age, sex in violation of federal law.

## II.

## JURISDICTION AND VENUE

2.1    Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1337, 1443, 1345, 1441 and 42 USC 1983.  In addition, this Court has supplemented jurisdiction under 28 USC 1367 over Plaintiff's factually identical claims arising under State law.  This action is likewise based on the provisions of Title VII, 42 USC 2000 et. seq.,  42 USC 2000e-2 et. seq., sex discrimination and Sections 623 (a) (1) and 630 (b) of the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 U.S.C. § 621 et seq., as amended.

2.2    The employment practices to be alleged and unlawful were and are currently being committed within the Jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

## III.

## PARTIES

3.1    Plaintiff, JOSE V. CAMPOS is a resident of Hidalgo County Texas.

3.2    Plaintiff, MARTHA OROZCO, is a resident of Hidalgo County Texas.

3.3     Plaintiff, DIANA QUINTANILLA, is a resident of Hidalgo County Texas.

3.4    Plaintiff, FRANCISCO A. CUELLAR, is a resident of Hidalgo County Texas.

3.5    Plaintiff, ARTURO CASTILLO, SR., is a resident of Hidalgo County Texas.

3.6    Plaintiff, JAVIER GARZA, is a resident of Hidalgo County Texas.

3.7    Plaintiff, LINDA GARZA, is a resident of Hidalgo County Texas.

3.8    Defendant, DONNA INDPENDENT SCHOOL DISTRICT, is a governmental entity in the state of Texas located entirely in Hidalgo County.  DONNA ISD may be served with process at:    904 Hester Avenue, Donna, Texas 78537.

3.9    Defendant, ALBERT SANDOVAL, is being sued in individual and official capacity as a member of the Donna ISD board of trustees and may be served with process at:

2301 North FM 493, Donna, Texas 78537.

3.10   Defendant, TOMASA RAMOS, is being sued in individual and official capacity as a member of the Donna ISD board of trustees and may be served with process at:

212 Beech Street, Donna, Texas  78537.

3.11   Defendant, NICK CASTILLO, is being sued in individual and official capacity as a member of the Donna ISD board of trustees and may be served with process at:

1006 Lost Meadows, Donna, Texas  78537.

## IV.

## FACTUAL ALLEGATIONS

4.1    Jose V. Campos has been an employee with Donna ISD for over **41** years, Martha Orozco has been an employee with Donna ISD for **27 1/2** years, Diana Quintanilla has been an employee with the district for over **8** years, Francisco Cuellar has been employed by Donna ISD for over **2 1/2** years, Linda Garza has worked for DISD for over **10** years, Arturo Castillo has

been employed at the district for **12** years and Javier Garza for **14** years  The Plaintiffs collectively have provided Donna ISD with over **115** years of service to Donna ISD.

4.2     Throughout their employment, the Plaintiffs have performed their jobs with dedication, loyalty and hard work. Plaintiffs have all received performance appraisals with very good ratings on a yearly basis.  None of the Plaintiffs have ever had any adverse employment action taken against them or have ever been written up for job related improper conduct.

4.3   In November of 2014, Donna ISD conducted school board elections which resulted in the seating of a new school board political majority.  During the election campaign, the members who were elected and those current board members with whom they are aligned made numerous statements regarding their intent to terminate, demote and reassign employees, specifically naming several of the Plaintiffs.

4.4     Upon being sworn in, the new political majority, of which Defendants Albert Sandoval, Tomasa Ramos and Nick Castillo are part, set about on a campaign to reward those employees who were either related to the new board majority or those who had openly supported their faction.  They also set about retaliating against those employees who had not supported their faction whether the employees had done so openly or had failed to participate in the faction's campaign efforts.

4.5   Additionally, in order to make room for the political patronage that was necessary to satisfy their relatives and campaign workers, the Board members directed the superintendent to reassign and demote innocent employees such as Plaintiffs who were simply doing their jobs.

4.6   On or about December 16, 2014, right before the Christmas break, each of the Plaintiffs received a letter from the Superintendent notifying them of their demotion and that a cut in their pay would be forthcoming effective July 1, 2015.

4

4.7     The notices gave no reasons for their demotions and pay-cuts nor were the Plaintiffs given any meaningful opportunity to be heard prior to the adverse employment action taken against them.

4.8     Jose Campos, who did not support the new political majority, was demoted from the district-wide position of Director of Safety and Risk Management, a position he had held for 20 years, to an assistant principal at a middle school. His salary was decreased by $16,948.68 per year and his number of employment days was reduced from 226 to 207 days.  Further, Mr. Campos, on information and belief, has been discriminated against on the basis of his age.

4.9     Martha Orozco, who did not support the new political majority, was demoted from Secretary for Child Nutrition Department making $17.91 per hour to a clerk position paying only $15.17/ hour.  She was also informed that the number of her working days per year would be reduced from 226 to 207 days.  Further, Ms. Orozco, on information and belief, has been discriminated against on the basis of her age.

4.10     Diana Quintanilla, who has an MBA degree that she earned after hours while working for DISD, did not support the new majority, was demoted from Director of Child Nutrition to Supervisor of Safety and Risk Management to a position she had never worked in and a position in which she had no experience.  Her reduction in salary was $9,910.00/ year.  She is a single mother who supports a 12 year old daughter and this cut in pay has severely impacted her ability to provide for her child.  Further, Ms. Quintanilla, on information and belief, has been discriminated on the basis of her gender, female.

4.11     Francisco "Frank" Cuellar, an ex-member of the DISD board of trustees and who did not support the new majority, was notified while on Texas Workers' Compensation Disability that he was being demoted from Maintenance Coordinator/Project Manager to simply

Project Manager.   His pay was being cut $8,000.00 per year.   Further, Mr. Cuellar, on information and belief, has been discriminated against on the basis of his age.

    4.12.   Arturo Castillo, an ex-board member who did not support the current majority, was reassigned and demoted from Director of Transportation, a position he had held for 8 years to the position of Accounting Supervisor at Child Nutrition.   His loss of salary was $5,666.00 per year.   Further, Mr. Castillo alleges that he has been discriminated against on the basis of his age.

    4.13.   Javier Garza, the current City of Donna Municipal Judge who did not support the new board majority, was demoted from Director of Warehouse and Fixed Assets to Supervisor. The reduction in pay is $8.000.00 per year.   Further, Mr. Garza, on information and belief, has been discriminated against on the basis of his age.

    4.14.   Linda Garza, who is married to Plaintiff Javier Garza, is being punished for being married to the current municipal judge for the City of Donna.   She was demoted from the district-wide position of Staff Development Coordinator to the campus position of Strategist at the 3-D Academy.   She has worked for Donna ISD for 10 years and her pay was cut $1,928.45 per year.

    4.15   On **January 26, 2015**, in order to further punish the Plaintiffs for not supporting the new board majority, all the Plaintiffs, except Jose Campos and Linda Garza, were notified by letter from the superintendent, that pursuant to School Board action, their salary would be decreased **retro-actively** to **January 5, 2015.**

    4.16   The timing of the first letter notifying Plaintiffs of their demotions and cuts in pay 2 days before the Christmas break was clearly intended to inflict the maximum amount of pain and anguish right before the Holidays since the first letter said that the cuts in pay would not occur until July of 2015, 6 ½ months later.   The letters were meant not only to punish the

Plaintiffs but to send a message to the entire Donna community of the consequences of failing to support the Sandoval faction.

4.17    The January 26, 2015 letter notifying various Plaintiffs that the cuts in pay would be **retroactive** to January 5, 2015 was an unbridled attempt to immediately make life unbearable for the Plaintiffs (who all need their previous monthly pay) and create a situation where the Plaintiffs would be compelled to seek employment elsewhere and thereby create immediate job vacancies which could be filled by the Sandoval faction's political cronies.

4.18    It is well known in Donna ISD that with every election, somebody will be facing some sort of retribution or retaliation.  With this Complaint, Plaintiffs are seeking justice not just for themselves but also for every other Donna ISD who must work in fear of the outcome of every election.  The Plaintiffs, and most likely every Donna ISD employee, want to simply be allowed to do their jobs in peace.

## V.

## DENIAL OF DUE PROCESS

5.1    Paragraphs 4.1 through 4.18 are incorporated herein by reference.  The demotion of Plaintiffs, without being given any prior notice or reasons, is a violation of Plaintiffs' right to due process and due course of law.  Additionally, they were deprived of their liberty and property interests without adequate procedural and substantive protection prior to the unlawful taking (i.e. demotion and cut in pay) of their employment.  The demotion of the Plaintiffs is in violation of the liberty and the property interests of the Plaintiffs which are guaranteed under the Constitution of the State of Texas and the Fourteenth Amendment of the United States Constitution as protected under 42 U.S.C. Section 1983.  This denial of due process has caused current and

future financial loss job security, past and future loss of reputation, and severe emotional distress to Plaintiffs which continues and is ongoing.

5.2     Paragraphs 4.1 to 4.18 are incorporated herein by reference.  Plaintiffs have a protected liberty interest under the 14th Amendment to not be demoted for unconstitutional reasons.

## VI.

## VIOLATION OF FIRST AMENDMENT RIGHTS

6.1     Paragraphs 4.1 through 4.18 are incorporated herein by reference.  Defendants denied Plaintiffs rights of freedom of speech and association under the First and Fourteenth Amendment to the United States Constitution by retaliating against them for exercise of their protection speech and political association.  Because the actions causing harm to Plaintiffs were taken by the approval of the Donna Board of Trustees, such acts of retaliation against the Plaintiffs for their exercise of their First Amendment Rights formed an official policy of the Donna Independent School District, rendering the school district liable to Plaintiffs for their actual damages under 42 U.S.C. Section 1983.

## VII.

## PATTERN AND PRACTICE OF DISCRIMINATORY CONDUCT

7.1   Plaintiffs further assert and intend to prove that the treatment received by Plaintiffs was part of a pattern and practice engaged in by the Defendants and its supervisors toward several individuals similarly situated.  This unwritten plan or scheme was to discriminate against, retaliate against, discharge or take some adverse employment action against individuals who were older than 40 years of age.

## VIII.

## AGE DISCRIMINATION

8.1     Plaintiffs incorporate Paragraphs 4.1 through 4.18 by reference.  Defendants have discriminated against Plaintiffs, Jose Campos, Francisco Cuellar, Arturo Castillo, Javier Garza and Martha Orozco on the basis of their age in violation of the age employment act in 1967 (ADEA), 29 USC Sections 621 through 634 as amended.  The claim of age discrimination by Plaintiffs, Campos, Orozco, Cuellar, Castillo and Garza are currently being investigated by the Equal Employment Opportunity Commission.

## IX.

## SEX/ GENDER DISCRIMINATION

9.1.     Plaintiff, Diana Quintanilla, incorporates Paragraphs 4.1 to 4.18 by reference. Defendants have discriminated against Ms. Quintanilla on the basis of her sex in violation of 42 USC 2000e-2 et. seq.  Ms. Quintanilla's claim is currently being investigated by the Equal Employment Opportunity Commission.

## X.

## INDIVIDUAL LIABILITY

10.1.     Paragraphs 4.1 through 4.18 are incorporated by reference.  Defendants Albert Sandoval, Tomasa Ramos, Nick Castillo have acted outside the proper course and scope of their official duties as members of the board of trustees, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws.  The individual defendants Board Members conspired to demote and retaliate against Plaintiffs. They directed the Superintendent to take the adverse actions against the Plaintiffs.

## XI.

## ACTUAL DAMAGES

11.1.   By reason of the above actions alleged in paragraphs 5.1 through 9.1, Plaintiffs have been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

## XII.

## EXEMPLARY DAMAGES

12.1   Defendant, Donna ISD, by and through its' elected board members, unfortunately, has a sad history of violating the 1st and 14th Amendment rights of their employees.  After every election, employees cower in fear for their livelihoods because they exercised their 1st Amendment right to support the candidate of their choice or did not openly support the correct candidates or are simply demoted and reassigned to make room for the political patronage of their campaign supporters or relatives.  The cycle of retaliation and political patronage needs the cease.  Accordingly, Plaintiffs are entitled to recover from Defendant, Donna ISD, in addition to compensatory damages, an award of exemplary damages in the amount of $5,000.000.00, such amount being necessary to deter the Defendant, Donna ISD, from repeating such wrongful acts in the future.

12.2   The foregoing acts of the Defendants, Albert Sandoval, Tomasa Ramos and Nick Castillo, each sued individually were willful, humiliating and insulting to Plaintiffs and showed a conscious disregard for the rights of Plaintiffs.  Mr. Sandoval and his clan are well known to the Donna community and have ravaged employees for years.  His conduct in particular is typical of the culture which pervades the Donna community.  Plaintiffs are accordingly entitled to recover from each of the Defendants, in addition to compensatory damages, an award of exemplary

damages in the amount of $1,000,000.00 from each individual Defendant, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

## XIII.

### ATTORNEYS FEES

13.1   Plaintiffs have been forced to hire the undersigned attorneys to prosecute this claim on their behalf, and they are entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United States Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, and for a **trial by jury**.  Upon trial, Plaintiffs pray for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and entry of declaratory relief and an injunction barring Defendants from interfering with Plaintiffs' job security and such other and further relief to which Plaintiffs may be entitled.

Respectfully Submitted,

GUSTAVO L. ACEVEDO, JR.
814 Del Oro Lane
Pharr, Texas 78577
(956) 787-4441 (Telephone)
(956) 787-4499 (Facsimile)
Federal Court ID No. 10810
Texas State Bar No. 00829805

**Email: GLAcevedo@aol.com**

JUAN S. PALACIOS
2720 W. Canton, Suite B
Edinburg, Texas
(956) 378-9680 (Telephone)
(956) 378-9683 (Facsimile)
Federal Court ID No. 35162
Texas State Bar No.  24039100

**Email: JSPalaciospllc@yahoo.com**