THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE V. CAMPOS, MARTHA OROZCO, FRANCISCO A CUELLAR, ARTURO CASTILLO, SR., JAVIER GARZA AND LINDA GARZA<br>    Plaintiffs, | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. 7:15-CV-070 |
| DONNA INDEPENDENT SCHOOL DISTRICT, ALBERT SANDOVAL, TOMASA RAMOS, NICK CASTILLO, ELOY INFANTE AND ELPIDIO YANEZ INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES,<br>    Defendants. | § § § § § § § § § § | JURY REQUESTED |

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT

COME NOW, PLAINTIFFS, MARTHA OROZCO, FRANCISCO A. CUELLAR, ARTURO CASTILLO, SR. AND JAVIER GARZA, and file this, their PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, as authorized by Federal Rule of Civil Procedure 56 and in support thereof would show as follows:

A. Introduction

1.     Plaintiffs have brought this action under the United States Constitution for violation of Plaintiffs' rights under the First and Fourteenth Amendments. Additionally, this action is brought under the Age Discrimination in Employment Act of 1967, as amended (ADEA) and the Fair Labor Standards Act.

2.     Specifically, Plaintiffs have alleged that Defendants, while acting under color of law, took adverse employment actions against Plaintiffs' employment in violation of their Due

Process rights and their protected First Amendment rights. Additionally, Defendants demoted Plaintiff, Jose Campos, because of his age in violation of federal law and unlawfully withheld the wages of 4 employees in violation of the Fair Labor Standards Act.

3. Plaintiffs, Orozco, Cuellar, Castillo and Javier Garza, file this partial summary judgment on their cause of action arising under the 14th Amendment the U.S. Constitution for violation of their right to Due Process. Plaintiffs believe that summary judgment should be granted on this cause of action because the summary judgment evidence establishes all elements of Plaintiffs' cause of action as a matter of law.

## B. Summary Judgment Evidence

4. In support of their Motion, Plaintiffs include the evidence in the exhibits attached to this Motion. This Motion for Summary Judgment is based on the following evidence:

A. Exhibit A, Affidavit of Plaintiff, Martha Orozco, including Attachments A-1 and A-2;

B. Exhibit B, Affidavit of Plaintiff, Francisco A. Cuellar, including Attachments B-1 and B-2;

C. Exhibit C, Affidavit of Plaintiff, Arturo Castillo, Sr., including Attachments C-1, C-2 and C-3;

D. Exhibit D, Affidavit of Plaintiff, Javier Garza, including Attachments D-1, D-2 and D-3;

E. Deposition Excerpts of DISD Board member, Jose E. Lugo, Jr.;

F. Deposition Excerpts of DISD Board member, Efren Ceniceros;

G. Deposition Excerpts of Defendant, Albert Sandoval;

      H.        Deposition Excerpts of Defendant, Tomas Ramos;

      I.        Deposition Excerpts of Defendant, Nicolas Castillo.

### C. Statement of Facts

5. December 17, 2014, Martha Orozco was advised that she was being reassigned. (See Exhibit A-1) Her hourly rate of pay at that time was $17.91 per hour. On January 26, 2015, after she had already worked 16 days at that rate, she was advised by the Superintendent in writing that, pursuant to Board action, her pay was cut retroactively to $15.17 per hour effective January 5, 2015. (See Exhibit A-2) She had a vested property right in the wages that she had already earned. (See Exhibit A).

6. On December 17, 2014, Francisco Cuellar was advised that he was being reassigned but that his salary would remain the same for the rest of the school year which was until June 30, 2015. (See Exhibit B-1) On January 26, 2015, after he had already worked 16 days under his current salary, he was advised in writing by the Superintendent that, pursuant to Board action, his pay would be cut retroactively effective January 5, 2015. (See Exhibit B-2) He had a vested property right in the wages that he had already earned. (See Exhibit B).

7. Arturo Castillo, Sr. had a non-certified professional employee contract effective from July 1, 2014 until June 30, 2015. (See Exhibit C-1) On December 17, 2014, during the term of that contract, he was advised that he was being reassigned but that his salary would remain the same for the remainder of his contract for the rest of the school year which was until June 30, 2015. (See Exhibit C-2) On January 26, 2015, after he had already worked 16 days under his current salary and prior to the end of his contract, he was advised that his pay would be cut retroactively effective January 5, 2015. (See Exhibit C-3) He had a property interest in his

salary during the term of his contract and to the wages that he had already earned from January 5, 2015 to January 26, 2015.  (See Exhibit C).

8. Javier F. Garza had a non-certified professional employee contract effective from July 1, 2014 until June 30, 2015. (See Exhibit D-1)  On December 17, 2014, he was advised that he was being reassigned but that his salary would remain the same for the remainder of his contract for the rest of the school year which was until June 30, 2015. (See Exhibit D-2)  On January 26, 2015, after he had already worked 16 days under his current salary and prior to the end of his contract, he was advised that his pay would be cut retroactively effective January 5, 2015. (See Exhibit D-3)  He had a property interest in his salary during the term of his contract and to the wages that he had already earned from January 5, 2015 to January 26, 2015.  (See Exhibit D).

9. Board Member, Jose E Lugo, Jr., advised the Defendants at the board meeting on January 13, 2015, where the Defendants voted to retroactively cut the pay and reduce the salaries of the Plaintiffs during the school year, that the actions that the board was taking was a violation of law and "doesn't look right."  For this reason, he voted against the reductions in pay.  (See Exhibit E).

10. Board Member, Efren Ceniceros, advised the Defendants at the board meeting on January 13, 2015, where the Defendants voted to retroactively cut the pay and reduce the salaries of the Plaintiffs during the school year, that salary adjustments were normally done before the school year began and that he "didn't like the idea of changing salaries and stuff in the middle of the year."  For this reason, he voted against the reductions in pay. (See Exhibit F).

11. Board members, Jose E. Lugo, Jr. and Efren Ceniceros, have both testified that the Plaintiffs were not given any due process prior to the vote to retroactively cut the Plaintiffs'

pay. They testified that the Plaintiffs were not given any notice with reasons for the Board's action nor were the Plaintiffs given any opportunity to be heard prior to the taking of the wages that they had already earned. (See Exhibits E and F).

12. Defendant, Albert Sandoval, admitted that the Board did not give any of the Plaintiffs any notice of reasons for their demotions nor did the Board provide any of the Plaintiffs with any hearing or opportunity to be heard prior to the Board taking action to cut the Plaintiffs' pay retroactively. (See Exhibit G).

13 Defendant, Tomasa Ramos, admitted that the Board did not give any of the Plaintiffs any notice of reasons for their demotions nor did the Board provide any of the Plaintiffs with any hearing or opportunity to be heard prior to the Board taking action to cut the Plaintiffs' pay retroactively. (See Exhibit H).

14. Defendant, Nicolas Castillo, admitted that the Board did not give any of the Plaintiffs any notice of reasons for their demotions nor did the Board provide any of the Plaintiffs with any hearing or opportunity to be heard prior to the Board taking action to cut the Plaintiffs' pay retroactively. (See Exhibit I).

### D. Standard of Review

15. Summary Judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 W.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Plaintiffs moving for summary judgment satisfy their burden by submitting summary judgment proof that establishes all elements of their cause of action as a matter of law. *San Pedro v. U.S.,* 79 F.3d 1065, 1068 (11th Cir. 1996). Plaintiffs must show that no reasonable trier of fact could find other than for Plaintiffs. *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1968).

E. Argument and Authorities

16. To prevail on their claim of violation of their right to Due Process under the U.S. Constitution, Plaintiffs must prove the following elements as a matter of law:

(1) that the Plaintiffs possessed a constitutionally protected property interest: and

(2) that the Plaintiffs were deprived of that interest without due process of law.

***Cleveland Board of Educ. v. Loudermill***, 470 U.S. 532 (1985).

17. In order to have a property interest protected by the Due Process Clause, a person must have a legitimate claim of entitlement to that property. ***Board of Regents v. Roth***, 408 U.S, 564, 576 (1972). A property right is determined by either contract, state law or other external sources. *Id.* at 577. While the existence of a protected property interest is decided by reference to state law, the determination of whether due process was accorded is decided by reference to the Constitution. ***Cleveland Board of Educ. v. Loudermill***, 470 U.S. 532, 541 (1985). Due Process requires that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" ***Parratt v Taylor***, 451 U.S. 527, 543-544 (1981).

18. Each of the four Plaintiffs had a vested property right to the salary and wages they had already earned. ***Sterner v. Marathon Oil Co.***, 767 S.W.2s 686, 689 (Tex. 1989). Plaintiffs Castillo and Garza had a property interest in their salaries for the 2014-2015 school year by virtue of their written employment contracts. ***Roth*** at 577; see also ***Moulton v City of Beaumont***, 991 F.2d 227, 230 (5th Cir. 1993) (citing ***Zimmerman v. H.E. Butt Grocery Co.,*** 932 F.2d 469, 471 (5th Cir 1991) and **East Line & Red River *R.R. Co. v Scott***, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888)). Because the Plaintiffs had a property right in the salary and wages they

had earned and because Plaintiffs Castillo and Garza had the additional property right of a written contract for the 2014-2015 school year, the Plaintiffs were all entitled to Due Process prior to the taking of their property (i.e. salary and/or wages).

19. The affidavits of the Plaintiffs (Exhibits A to D), the depositions of the non-party board members, Lugo and Ceniceros (Exhibits E and F), and ultimately, the admissions by Defendants, Sandoval, Ramos and Castillo in their depositions (Exhibits G to I) conclusively establishes that the Plaintiffs were not given the procedural requirements of Due Process prior to the taking of the Plaintiffs' salaries and wages and establishes as a matter of law that Plaintiffs' Due Process rights were violated. The deposition excerpts of Board Members Lugo and Ceniceros further establish that the decision to take the action against the Plaintiffs was not the result of a mistake.

## Conclusion

20. Plaintiffs have established as a matter of law that their rights to Due Process under the 14th Amendment to the U.S. Constitution have been violated. For these reasons, Plaintiffs ask the Court to Grant the Motion and render a Partial Summary Judgment against Defendants.

Respectfully Submitted,

GUSTAVO L. ACEVEDO, JR.
814 Del Oro Lane
Pharr, Texas 78577
(956) 787-4441 (Telephone)
(956) 787-4499 (Facsimile)
Federal Court ID No. 10810
Texas State Bar No. 00829805

**Email: GLAcevedo@aol.com**

        JUAN S. PALACIOS
2720 W. Canton, Suite B
Edinburg, Texas
(956) 378-9680 (Telephone)
(956) 378-9683 (Facsimile)
Federal Court ID No. 35162
Texas State Bar No. 24039100

**Email: JSPalaciospllc@yahoo.com**

## CERTIFICATE OF SERVICE

I certify that on January 15, 2016, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Plaintiff's submission of this document to the U.S. District Court electronically to the DCECF system:

Eduardo G. Garza
Email: eddie@esparzagarza.com
Attorney for Defendants

/s/ Gustavo L. Acevedo, Jr.
Gustavo L. Acevedo, Jr.