**THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JOSE V. CAMPOS, MARTHA OROZCO,** | § | |
| **FRANCISCO A CUELLAR, ARTURO** | § | |
| **CASTILLO, SR., JAVIER GARZA AND** | § | |
| **LINDA GARZA** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 7:15-CV-070** |
| | § | |
| **DONNA INDEPENDENT SCHOOL** | § | |
| **DISTRICT, ALBERT SANDOVAL,** | § | |
| **TOMASA RAMOS, NICK** | § | |
| **CASTILLO, ELOY INFANTE AND** | § | |
| **ELPIDIO YANEZ INDIVIDUALLY AND IN** | § | |
| **THEIR OFFICIAL CAPACITY AS** | § | |
| **MEMBERS OF THE BOARD OF** | § | |
| **TRUSTEES,** | § | |
| **Defendants.** | § | **JURY REQUESTED** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

COME NOW, PLAINTIFFS, MARTHA OROZCO, FRANCISCO A. CUELLAR, ARTURO CASTILLO, SR. AND JAVIER GARZA, and file this, their PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, and in support thereof would show as follows:

### I. Introduction and Statement of the Case

1.   Plaintiffs have instituted this action against the Defendants alleging the following causes of action:

a.   Violation of their First Amendment rights to freedom of association (political retaliation).

b.   Violation of their Due Process rights under the 14th Amendment of the U.S. Constitution.

    c.       Age Discrimination against Plaintiff Jose Campos.

    d.       Violation of the Fair Labor Standards Act.

    e.       Request for Exemplary Damages.

3.       Defendants have not submitted any evidence to this Court to dispute Plaintiffs' claims for violation of their First Amendment rights to freedom of association (political retaliation). Therefore, these claims are uncontroverted at this time and therefore subject to trial on the merits.

4.       Defendants have not submitted any evidence to this Court to dispute Plaintiff Jose Campos' claims for age discrimination. Therefore, these claims are uncontroverted by any credible evidence and therefore subject to trial on the merits. Plaintiff Campos is not seeking damages against any of the individual Defendants in their individual capacities for Age Discrimination. He is seeking exemplary damages against Donna ISD for age discrimination against him.

5.       Plaintiffs are not requesting exemplary damages against Defendant Donna ISD, only against the Defendants who have been sued in their individual capacities (Sandoval, Ramos, Castillo, Infante and Yanez).

6.       Plaintiffs concede that they do not have a Fair Labor Standards Act claim.

7.       Defendants have repeatedly attempted to misleadingly characterize the employment actions taken by Defendants against the Plaintiffs as being a reassignment. A reassignment is a lateral move which does not involve a reduction in pay during the term of the contract. A demotion is a change in employment status which involves a cut in pay. All the Plaintiffs have had their pay cut and four of them (Orozco, Cuellar, Castillo and Javier Garza) had their pay cut retroactively.

**II. Standard of Review**

8.     Although summary judgment is proper in any case where there is no genuine issue of material fact, the Court should deny Defendants' Motion for Summary Judgment in this case because Plaintiffs have set forth sufficient evidence to create a genuine issue of material fact as to each of their causes of action.  See Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

9.     Defendants who seek summary judgment on Plaintiffs' causes of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of Plaintiffs' claim, or (2) showing that there is no evidence to support an essential element of Plaintiffs' claims.  *J. Geils Band Employee Benefit Plan v Smith Barney Shearson*, Inc., 76 F.3rd 1245, 1251 (1st Cir. 1996); see *Celotex Corp. v. Catrett*, 477 U.S. at 322-323, 106 S. Ct. at 2552 (1986).  Defendants cannot rely on conclusory statements to establish that Plaintiffs have not presented evidence on an essential element of their claim.  Rather, Defendants must demonstrate the absence of a genuine factual dispute.  See *Celotex Corp. v. Catrett*, 477 U.S. at 327, 106 S. Ct. at 2555 (1986).  Only if Defendants meet their burden are Plaintiffs required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

10.     In determining whether there is a disputed issue of material fact that precludes summary judgment, the Court must consider all evidence in the light most favorable to the Plaintiffs as nonmovants.  *Garcia v. Pueblo Country Club*, 299 F.3rd 1233, 1236-37 (10th Cir. 2002).

**III. Plaintiffs' Summary Judgment Response Evidence**

Exhibit A:     Plaintiff Arturo Castillo affidavit with attachments A-1, A-2 and A-3;

Exhibit B:     Donna ISD Board Policy DCE (Legal);

Exhibit C:     Plaintiff Javier Garza affidavit with attachments C-1, C-2 and C-3;

Exhibit D:     Plaintiff Martha Orozco affidavit with attachments D-1 and D-2;

Exhibit E:     Plaintiff Frank Cuellar affidavit with attachments E-1 and E-2;

Exhibit F:     Donna ISD Board Policy DFBB (Legal);

Exhibit G:     Donna ISD Board Policy DEA (Legal);

Exhibit H:     Deposition Excerpt of DISD Superintendent Jesus Rene Reyna and deposition Exhibits 3, 15, 16, 17, 18, 19 and 20;

Exhibit I:     Deposition Excerpts of DISD Board member Jose Ernesto Lugo;

Exhibit J:     Deposition Excerpts of DISD Board member Efren Ceniceros;

Exhibit K:     Deposition Excerpts of Defendant Albert Sandoval;

Exhibit L:     Deposition Excerpts of Defendant Tomasa Ramos;

Exhibit M:     Deposition Excerpts of Defendant Nick Castillo.

## IV. Argument and Authorities

### A. Plaintiffs' Due Process Claims

11.     Defendants have filed a Motion for Summary Judgment asserting that the Defendants did not violate the Due Process Rights of Plaintiffs Campos, Castillo, Javier Garza and Linda Garza.  Defendants have not provided this Court with any evidence seeking Summary Judgment against Plaintiffs Orozco and Cuellar.   Therefore, Plaintiffs Orozco's and Cuellar's Due Process claims should be left for disposition by the Court as set forth in their Plaintiffs' Motion for Partial Summary Judgment or by the jury.

12.     In order to prevail on their claims for violation of their rights to Due Process under the U.S. Constitution, Plaintiffs must prove the following elements as a matter of law:

(1)     that the Plaintiffs possessed a constitutionally protected property interest: and

(2)        that the Plaintiffs were deprived of that interest without due process of law.
*Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532 (1985).

13.        In order to have a property interest protected by the Due Process Clause, a person must have a legitimate claim of entitlement to that property. *Board of Regents v. Roth*, 408 U.S, 564, 576 (1972). A property right is determined by either contract, state law or other external sources. *Id.* at 577. While the existence of a protected property interest is decided by reference to state law, the determination of whether due process was accorded is decided by reference to the Constitution. *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Due Process requires that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Parratt  v Taylor*, 451 U.S. 527, 543-544 (1981).

18.        Plaintiffs Orozco, Cuellar, Castillo and Javier Garza have a vested property right to the salary and wages they have already earned. *Sterner v. Marathon Oil Co.*, 767 S.W.2s 686, 689 (Tex. 1989). Plaintiffs Campos, Castillo, Javier Garza and Linda Garza had a property interest in their salaries for the 2014-2015 school year by virtue of their written employment contracts. *Roth* at 577; see also *Moulton v City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993) (citing *Zimmerman v. H.E. Butt Grocery Co.,* 932 F.2d 469, 471 (5th Cir 1991) and **East Line & Red River *R.R. Co. v Scott***, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). Because the Plaintiffs had a property right in the salary and wages they had already earned and because Plaintiffs Campos, Castillo, Javier Garza and Linda Garza had the additional property right of a written contract for the 2014-2015 school year, the Plaintiffs were all entitled to Due Process **prior** to the taking of their property (i.e. salary and/or wages). Defendants argue in their Motion for Summary Judgment that Plaintiffs failure to request a hearing **after** the Board had already voted

to take away their property interests in the salaries they had earned or to which they were entitled somehow waives their right to pre-deprivation due process is incorrect.   14th Amendment Due Process is a pre-deprivation requirement.   ***Parratt v. Taylor*** at 543-544.

12.     Arturo Castillo, Sr. had a non-certified professional employee contract effective from July 1, 2014 until June 30, 2015. (See Exhibit A and A-1) and Donna ISD Board Policy DCE (Legal) (See Exhibit B)  On December 17, 2014, during the term of that contract, he was advised that he was being reassigned but that his salary would remain the same for the remainder of his contract for the rest of the school year which was until June 30, 2015. (See Exhibit A-2) On January 26, 2015, after he had already worked 16 days under his current salary and prior to the end of his contract, he was advised that his pay would be cut retroactively effective January 5, 2015.  (See Exhibit A-3)  He had a property interest in his salary during the term of his contract and to the wages that he had already earned from January 5, 2015 to January 26, 2015. (See Exhibit A).  ***Sterner v. Marathon Oil Co.***, 767 S.W.2s 686, 689 (Tex. 1989).

8.     Javier F. Garza had a non-certified professional employee contract effective from July 1, 2014 until June 30, 2015. (See Exhibit C-1)  On December 17, 2014, he was advised that he was being reassigned but that his salary would remain the same for the remainder of his contract for the rest of the school year which was until June 30, 2015. (See Exhibit C-2)  On January 26, 2015, after he had already worked 16 days under his current salary and prior to the end of his contract, he was advised that his pay would be cut retroactively effective January 5, 2015. (See Exhibit C-3)  He had a property interest in his salary during the term of his contract and to the wages that he had already earned from January 5, 2015 to January 26, 2015. (See Exhibit C) and Donna ISD Board Policy DCE (Legal) (Exhibit B).  ***Sterner v. Marathon Oil Co.***, 767 S.W.2s 686, 689 (Tex. 1989).

9.      December 17, 2014, Martha Orozco was advised that she was being reassigned but that her salary and number of days worked would remain the same for the remainder of the 2014-2015 school year.  (See Exhibit D-1)  Her hourly rate of pay at that time was $17.91 per hour.  On January 26, 2015, after she had already worked 16 days at that rate, she was advised by the Superintendent in writing that, pursuant to Board action, her pay was cut retroactively to $15.17 per hour effective January 5, 2015.  (See Exhibit D-2)  Although she did not have a contract, she had a vested property right in the wages that she had already earned.  (See Exhibit D).   ***Sterner v. Marathon Oil Co.***, 767 S.W.2s 686, 689 (Tex. 1989).  Superintendent Jesus Rene Reyna testified that the reductions in pay were done in violation of Donna ISD Board Policy DEA (Legal).  See Exh H, Reyna Dep. Pages 13-14; Reyna Exh. 3, Donna ISD Board Policy DEA (Legal).

6.      On December 17, 2014, Francisco Cuellar was advised that he was being reassigned but that his salary would remain the same for the rest of the school year which was until June 30, 2015.  (See Exhibit E-1)  On January 26, 2015, after he had already worked 16 days under his current salary, he was advised in writing by the Superintendent that, pursuant to Board action, his pay would be cut retroactively effective January 5, 2015. (See Exhibit E-2)  He had a vested property right in the wages that he had already earned.  (See Exhibit E).  ***Sterner v. Marathon Oil Co.***, 767 S.W.2s 686, 689 (Tex. 1989).  Superintendent Jesus Rene Reyna testified that the reductions in pay were done in violation of Donna ISD Board Policy DEA (Legal).  See Exh H, Reyna Dep. Pages 13-14; Reyna Exh. 3, Donna ISD Board Policy DEA (Legal).

10.     Jose Campos was employed under a certified administrator's contract which means that his contractual rights are governed by the Texas Education Code Chapter 21 and Donna ISD Board Policy DFBB (Legal).  See Exh. F.  Although Mr. Campos did not have any

property rights beyond the term on the contract, both the Education Code and Donna ISD Board policy DFBB (Legal) contain specific procedures which must be followed before his contract can be nonrenewed or non-extended.  See Exh. F.  Donna ISD Board Policy DEA (Legal) sets forth the procedure which the District must follow when a certified employee's salary is going to be reduced from one year to the next.  See Exh. G. On December 17, 2014, he was demoted from the district-wide position of Director of Safety and Risk Management, a position he had held for 20 years, to an assistant principal at a middle school.  His salary was decreased by $16,948.68 per year and his number of employment days was reduced from 226 to 207 days.  Superintendent Reyna testified that the process and policy for reducing the pay of a certified contractual employee was not followed.  See Exh H, Reyna Dep. Pages 13-14; Reyna Exh. 3, Donna ISD Board Policy DEA (Legal).

11.     Linda Garza is employed under a certified administrator's contract.  Like Plaintiff Campos, she is entitled to the procedural protections of the Texas Education Code Chapter 21 and Donna ISD Board Policy DFBB.  She was demoted from the district-wide position of Staff Development Coordinator to the campus position of Strategist at the 3-D Academy.  She has worked for Donna ISD for 10 years and her pay was cut $1,928.45 per year. Superintendent Reyna testified that the process and policy for reducing the pay of a certified contractual employees was not followed.  See Reyna Dep. Pages 13-14; Reyna Exh. 3, Donna ISD Board Policy DEA (Legal).

9.     Board Member, Jose E Lugo, Jr., advised the Defendants at the board meeting on January 13, 2015, where the Defendants voted to retroactively cut the pay and reduce the salaries of the Plaintiffs during the school year, that the action that the board was taking was a violation

of law and "doesn't look right." For this reason, he voted against the reductions in pay. (See Exhibit I).

10.     Board Member, Efren Ceniceros, advised the Defendants at the board meeting on January 13, 2015, where the Defendants voted to retroactively cut the pay and reduce the salaries of the Plaintiffs during the school year, that salary adjustments were normally done before the school year began and that he "didn't like the idea of changing salaries and stuff in the middle of the year." For this reason, he voted against the reductions in pay. (See Exhibit J).

11.     Board members, Jose E. Lugo, Jr. and Efren Ceniceros, have both testified that the Plaintiffs were not given any due process prior to the vote to retroactively cut the Plaintiffs' pay. They testified that the Plaintiffs were not given any notice with reasons for the Board's action nor were the Plaintiffs given any opportunity to be heard prior to the taking of the wages that they had already earned. (See Exhibits I and J).

12.     Defendant, Albert Sandoval, admitted that the Board did not give any of the Plaintiffs any notice of reasons for their demotions nor did the Board provide any of the Plaintiffs with any hearing or opportunity to be heard prior to the Board taking action to cut the Plaintiffs' pay retroactively. (See Exhibit K).

13     Defendant, Tomasa Ramos, admitted that the Board did not give any of the Plaintiffs any notice of reasons for their demotions nor did the Board provide any of the Plaintiffs with any hearing or opportunity to be heard prior to the Board taking action to cut the Plaintiffs' pay retroactively. (See Exhibit L).

14.     Defendant, Nicolas Castillo, admitted that the Board did not give any of the Plaintiffs any notice of reasons for their demotions nor did the Board provide any of the

Plaintiffs with any hearing or opportunity to be heard prior to the Board taking action to cut the Plaintiffs' pay retroactively. (See Exhibit M).

15.     Donna ISD Superintendent, Jesus Rene Reyna, testified that a reassignment is a lateral move which does not involve a reduction in pay during the term of the contract. A demotion is a change in employment status which involves a cut in pay.

15.     Donna ISD Superintendent, Jesus Rene Reyna, testified that none of the Plaintiffs were given any due process prior to their salaries being reduced and further testified that the process for decreasing pay set forth in Donna ISD Board Policy DEA (Legal) was not followed. (See Exhibit H, Reyna Dep. Pages 49-50).

19.     The affidavits of the Plaintiffs, the depositions of the non-party board members, Lugo and Ceniceros , and ultimately, the admissions by Defendants, Sandoval, Ramos and Castillo in their depositions establish that the Plaintiffs were not given the procedural requirements of Due Process prior to the taking of the Plaintiffs' salaries and wages and, at the very least, creates a genuine issue of material fact that precludes summary judgment that Plaintiffs' Due Process rights were violated. The deposition excerpts of Board Members Lugo and Ceniceros further establish that the decision to take the action against the Plaintiffs was not the result of a mistake. Therefore, there are genuine issues of material fact which precludes the granting of Defendants' Motion for Summary Judgment.

## B. Plaintiffs' Claims under the Fair Labor Standards Act

12.     As stated above, Plaintiffs concede that they do not have a claim under the Fair Labor Standards Act.

## C. Damages for Future Lost Earnings

13.     Plaintiffs acknowledge that they cannot recover damages for future lost earnings.

14.     Plaintiffs understand that they are entitled to compensatory damages which are intended to "redress the concrete loss that the Plaintiff has suffered by reason of defendant's wrongful act." *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 416 (2003).  Compensable losses may include medical bills, lost or diminished earnings, lost profits, property damage or loss, pain and suffering, or mental or emotional distress. *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986).  Any such damages, such as back pay, would be computed up to the date of re-instatement or when relief is granted.

### D. Plaintiffs' Claims for Exemplary Damages Against Donna ISD

14.     As stated above, Plaintiffs are not seeking Exemplary Damages against Defendant Donna Independent School District.  They are seeking Exemplary Damages against all the individual named Defendants, Sandoval, Ramos, Castillo, Infante and Yanez.

### E. Plaintiff's Claims for Exemplary Damages Against the Individual Defendants

15.     For Plaintiffs to be awarded punitive damages in a Section 1983 case, Plaintiffs must show a "reckless or callous disregard for plaintiff's rights, as well as intentional violations of federal law" or if the Defendants actions were motivated by evil intent.  *Smith v. Wade,* 461 U.S. 30, 103 S. Ct. 1625 (1983).  Because the purpose of punitive damages is to punish the wrongdoer, such damages may be awarded even if Plaintiffs cannot show actual damages. *Basista v. Weir,* 340 F. 2d 74 (3rd Cir. 1965).

16.     With respect to the individual Defendants' reckless or callous conduct, DISD Superintendent Jesus Rene Reyna testified as follows regarding the actions by the individual Defendants (the Sandoval faction):

a.     The Defendant Board members told him that they were "getting heat" from their supporters to make "changes" to employees' positions and salaries.  These "changes" included

promotions and increases in pay for Sandoval faction supporters and demotions and cuts in pay for those who did not support them.  Exh. H, Reyna Dep. Page 15.

b.      On or about December 10, 2014, Superintendent Reyna was given a list by Defendants Sandoval, Infante and Castillo, designated the "Primary List," which contained the list of Sandoval faction supporters that needed to be hired or promoted immediately.  See Exh. H, Reyna Dep. Pages 32-33, Reyna Exh. 15-16.

c.      The list was a political patronage list. See Exh. H, Reyna Dep. Page 34.

d.      The list included a promotion and a salary increase for Defendant Infante's wife. See Exh. H, Reyna Dep. Page 35.

e.      Mr. Reyna was given names by the 5 defendant board members of the Sandoval faction, Sandoval, Ramos, Castillo, Infante and Yanez, telling him who they wanted promoted and demoted.   Based on their verbal directives, he generated a list which the Defendants reviewed to confirm which employees would be demoted and would have their salaries reduced. Exh. H, Reyna Dep. Pages 37-39. Reyna Exh. 17.

f.      On January 13, 2015, when the Sandoval faction voted to promote and increase the pay for their supporters and demote and cut the pay of the Plaintiffs, along with other employees, Mr. Reyna recommended that the Board not take action to cut employees salaries. See Exh. H,  Reyna Dep. Page 17.

g.      Defendant Nick Castillo was "adamant" that Plaintiff Linda Garza be removed from her position.  See Exh. H, Reyna Dep. Page 29.

h.      On January 14, 2015, Mr. Reyna was given an envelope by Defendants Sandoval, Infante and Nick Castillo which contained names of people that they wanted promoted and reassigned as well as individual that they wanted hired on a full-time and part-time basis.  See

Exh. H, Reyna Dep. Pages 41-42. Reyna Exh 18-20.   All were supporters of the Sandoval

faction.  Exh. H, Reyna Dep. Pages 41-42. Reyna Exh 18-20.

17.    Board Member, Jose E Lugo, Jr., advised the Defendants at the board meeting on

January 13, 2015, where the Defendants voted to retroactively cut the pay and reduce the salaries

of the Plaintiffs during the school year, that the action that the board was taking was a violation

of law and "doesn't look right."  For this reason, he voted against the reductions in pay.  (See

Exhibit I).

18.    Board Member, Efren Ceniceros, advised the Defendants at the board meeting on

January 13, 2015, where the Defendants voted to retroactively cut the pay and reduce the salaries

of the Plaintiffs during the school year, that salary adjustments were normally done before the

school year began and that he "didn't like the idea of changing salaries and stuff in the middle of

the year."  For this reason, he voted against the reductions in pay. (See Exhibit J).

18.    The undisputed testimony by Board members Jose E Lugo and Efren Ceniceros

and the Superintendent is that they advised the individual Defendant Board members not to take

action to demote and reduce the salaries of the Plaintiffs, as well as other employees who did not

bring suit, and that such actions were a violation of law.  The Defendants nonetheless voted to

violate the Plaintiffs' First Amendment and Due Process rights.  The evidence clearly creates a

genuine issue of material fact as to whether the individual Defendants actions were done with

either a reckless or callous disregard for the Plaintiffs' rights.  As such, Defendants' Motion for

Summary Judgment should be denied on this issue.

### F. Plaintiffs' Claims Against the Defendants in Their Individual Capacities

16.    As stated above, school district officials, such as board members or employees,

may be sued in the individual capacities under Section 1983.  Additionally, an employee or

board member may be found to individually liable even though the school district may not be. *Smith v. Wade,* 461 U.S. 30, 103 S. Ct. 1625 (1983).   The Plaintiffs must show that the defendant school board members violated a clearly established law and that the individual defendants exhibited a callous indifference to the right of the Plaintiffs. *Millikin v. Bradley*, 418 U.S. 717, 94 S.Ct. 3112 (1974).

17.    In *Harlow v. Fitzgerald*, 454 U.S. 800, 102 S.Ct. 2727 (1982) and in *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012 (1984), the U.S. Supreme Court held that "officials are shielded from liability for civil damages insofar as their conduct does not violate the clearly established statutory or constitutional rights of which a reasonable person would have known." Additionally, the Supreme Court held that governmental officer's individual liability can be based on actions under color of law which are outside official's authority. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358 (1991).

18.    With respect to the evidence necessary for the Plaintiffs to avoid summary judgment on the merits of their claims, the Supreme Court has held that the Plaintiffs must produce sufficient evidence, usually circumstantial, from which a reasonable jury can infer that Defendants intentionally discriminated or retaliated against the Plaintiffs. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000).

19.    Given the Supreme Court's pronouncement on the issue of individual liability, Defendants' argument that individual board members can only act collectively to violate the Plaintiffs' rights is incorrect.  Defendants' argument that Defendants cannot act individually to violate Plaintiffs' right is likewise incorrect.

20.    Given the evidence set forth above by the Plaintiffs in Sections IV. A and E of this response, Plaintiffs have produced sufficient evidence from which a jury can infer that

Defendants intentionally discriminated or retaliated against Plaintiffs.   Therefore, Defendants'
Motion for Summary Judgment on this issue must be denied.

### Plaintiff Campos' Age Discrimination Claim

17.     As stated above, Plaintiff Campos is not seeking damages against the Defendants
in their individual capacities for his Age Discrimination Claim.   Again, Defendants have not
submitted any evidence to this Court to dispute Plaintiff Jose Campos' claims for age
discrimination.   Therefore, these claims are uncontroverted by any credible evidence and, as
such, are subject to trial on the merits.   Although Plaintiff Campos is not seeking damages
against any of the individual Defendants in their individual capacities for Age Discrimination, he
is seeking exemplary damages against Donna ISD for age discrimination against him.

### Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiffs maintain that Plaintiffs have
established that there are genuine issues of material fact which preclude the granting of summary
judgment.   Therefore, Plaintiffs ask the Court to deny Defendants' Motion for Summary
Judgment.

Respectfully Submitted,

GUSTAVO L. ACEVEDO, JR.
814 Del Oro Lane
Pharr, Texas 78577
(956) 787-4441 (Telephone)
(956) 787-4499 (Facsimile)
Federal Court ID No. 10810
Texas State Bar No. 00829805

**Email: GLAcevedo@aol.com**

JUAN S. PALACIOS
2720 W. Canton, Suite B
Edinburg, Texas
(956) 378-9680 (Telephone)
(956) 378-9683 (Facsimile)
Federal Court ID No. 35162
Texas State Bar No.  24039100

**Email: JSPalaciospllc@yahoo.com**

## CERTIFICATE OF SERVICE

I certify that on February 4, 2016, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Plaintiff's submission of this document to the U.S. District Court electronically to the DCECF system:

Eduardo G. Garza
Email: eddie@esparzagarza.com

Attorney for Defendants

/s/ Gustavo L. Acevedo, Jr.
Gustavo L. Acevedo, Jr.