THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE V. CAMPOS, MARTHA OROZCO, FRANCISCO A CUELLAR, ARTURO CASTILLO, SR., JAVIER GARZA AND LINDA GARZA | § § § § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-070 |
| | § | (JURY REQUESTED) |
| DONNA INDEPENDENT SCHOOL DISTRICT, ALBERT SANDOVAL, TOMASA RAMOS NICK CASTILLO, ELOY INFANTE AND ELPIDIO YANEZ INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES, | § § § § § § § § | |
| Defendants. | § | JURY REQUESTED |

---

**CHARGE TO THE JURY**

---

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the

1

evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs failed to prove any element of his/her claim by a preponderance of the evidence, then he/she may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

## CIVIL RIGHTS-- 42 USC SECTION 1983
## (ADVERSE EMPLOYMENT DECISION-
## EXERCISE OF FIRST AMENDMENT RIGHTS)

A person may sue for an award of money damages against anyone who, "under color of state law," intentionally violates her rights under the Constitution of the United States.

The Plaintiffs claim that Defendants Albert Sandoval, Tomasa Ramos, Nick Castillo, Eloy Infante, and Elpido Yanez, while acting "under color" of the authority of the State of Texas as Members of the Board of Trustees of Defendant Donna Independent School District (Donna ISD), intentionally deprived the Plaintiff of his rights under the First Amendment to the U.S. Constitution. Specifically, the Plaintiffs claim that Defendants demoted them and decreased their pay in retaliation for the Plaintiffs' decision to exercise their First Amendment freedom of association rights by supporting the opponents of Defendants' Sandoval, Castillo, Ramos, Infante and Yanez in the 2014 Donna ISD school board election, and not supporting Defendants Sandoval, Castillo, Ramos, Infante and Yanez in that election.

The First Amendment gives every citizen the right to freedom of association, which includes a citizens' right to freely associate with the political figures, political candidates, political issues and political parties they favor.

The Plaintiffs must prove by a preponderance of the evidence each of the following:

1. That the actions of Defendants Albert Sandoval, Tomasa Ramos, Nick Castillo, Eloy Infante, and Elpido Yanez were "under color" of the authority of the State of Texas;

2. That Plaintiffs suffered an adverse employment action;

3. That Plaintiffs' interest in associating outweighed the employer's interest in efficiency;

4. That the Plaintiffs' exercise of protected First Amendment rights was a substantial or motivating factor in Defendants' Sandoval, Ramos, Castillo, Infante, and Yanez decision to demote the plaintiff from his employment; and

5. That Defendants' Sandoval, Ramos, Castillo, Infante, and Yanez acts were the proximate or legal cause of the plaintiff s damages.

"Under color" of state law means under the pretense of law.  An officer's acts while performing his official duties are done "under color" of state law whether those acts are in line with his authority or overstep such authority.  An officer acts "under color" of state law even if he misuses the power he possesses by virtue of a state law or because he is clothed with the authority of state law. An officer's acts that are done in pursuit if purely personal objectives without using

3

or misusing his authority granted by the state are not acts done "under color" of state law.

As to the second element, an "adverse employment action" include discharges, demotions, refusals to hire, reduction in pay, refusals to promote, and reprimands. They can also include transfers or reassignments if they would be equivalent to a demotion. To be equivalent to a demotion, a transfer or reassignment need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse than the former position, such as being less prestigious or less interesting or providing less room for advancement.

To prove that Plaintiffs' association activities were a substantial or motivating factor in Defendants' Sandoval, Ramos, Castillo, Infante, and Yanez decision, the Plaintiffs do not have to prove that those speech activities were the only reason Defendants' Sandoval, Ramos, Castillo, Infante, and Yanez made the decision. The Plaintiffs need only prove that the association activities were a substantial factor that made a difference in or influenced Defendants' Sandoval, Ramos, Castillo, Infante, and Yanez decision.  In other words, Plaintiffs must show that his/her political association was a motivating factor in Defendants' decision to re-assign Plaintiffs.

The Plaintiffs must also prove by a preponderance of the evidence that the act or failure to act by Defendants Sandoval, Ramos, Castillo, Infante, and Yanez was a cause-in-fact of the damage the plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiffs must also prove by a preponderance of the evidence that the act or failure to act by Defendants Sandoval, Ramos, Castillo, Infante, and Yanez was a proximate cause of the damage the Plaintiffs suffered. An act or omission is a proximate cause of the Plaintiffs' injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that Plaintiffs have proved each of the elements set forth above, then Defendants violated Plaintiffs' First Amendment right to free speech and your verdict must be for Plaintiffs on Plaintiffs' First Amendment claim. If Plaintiffs failed to make this showing, however, then your verdict must be for Defendants on Plaintiffs' First Amendment claim.

## DUE PROCESS CLAIMS

Plaintiffs have sued Defendants for allegedly violating their federal constitutional rights to due process under color of state law. The Plaintiffs claim that the Defendants deprived them of their protected property interest in their employment without notice and an opportunity to be heard. To prevail on their claim, each Plaintiff must prove the following four (4) elements by a preponderance of the evidence for each Defendant:

*First*: That the Defendant acted under color of state law;

*Second*: That, while acting under color of state law, the Defendant deprived Plaintiff of a protected property interest;

4

*Third*: That, prior to his/her re-assignment, the Plaintiff was not allowed a hearing or given an opportunity to contest the reasons for his/her re-assignment; and

*Fourth*: That the Defendant's acts were the legal cause of Plaintiff's damages.

If you find that the Plaintiffs have proven all four (4) of the elements, you must also determine if Plaintiffs proved by a preponderance of the evidence:

*Fifth*: That the deprivation of the Plaintiff's property interest was arbitrary and capricious.

"Under color" of state law means under the pretense of law. An officer's acts while performing his/her official duties are done "under color" of state law whether those acts are in line with his/her authority or overstep such authority. An officer acts "under color" of state law even if he/she misuses the power he/she possesses by virtue of a state law or because he/she is clothed with the authority of state law. An officer's acts that are done in pursuit of purely personal objectives without using or misusing his/her authority granted by the state are not acts done "under color" of state law.

Plaintiff must prove by a preponderance of the evidence that the act or failure by a Defendant or the Defendants was a cause-in-fact of the injury or damages suffered. An act or failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by a Defendant or the Defendants was a proximate cause of the injury or damage the Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injury or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

You are instructed that the Donna Independent School District acts as an entity through its Board of Trustees. As such, its Board of Trustees is the policymaker. In order to prevail on his Due Process claim against the Donna Independent School District, the Plaintiffs must prove by a preponderance of the evidence that a policy, practice or custom of the Donna Independent School District was the proximate cause of Plaintiffs' damages.

**Arbitrary and capricious**

With respect to the fifth, additional element of the Plaintiff's claim, you are instructed that the Plaintiff must prove that the acts of the Defendant or Defendants with respect to reassignment were arbitrary and capricious. Arbitrary and capricious is a willful and unreasonable action without consideration of or in disregard of the facts. "Arbitrary" refers to behavior that is irrational and not done according to reason or judgment.

## LIBERTY INTEREST CLAIM

5

Plaintiff has also alleged that Defendants violated their liberty interests. You are instructed that in order to prove that Plaintiffs' liberty interests were violated, the Plaintiffs have the burden to prove the following by a preponderance of the evidence for each individual Defendant:

1) that he/she was demoted or received a reduction in pay,
2) that defamatory charges were made against him in connection with the demotion or reduction in pay,
3) that the charges were false,
4) that no meaningful public hearing was conducted before being demoted or receiving a reduction in pay,
5) that the charges were made public,
6) that he/she requested a hearing in which to clear his name, and
7) that the request was denied.

In the context of liberty interests, mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest.

A constitutionally protected liberty interest is implicated only if an employee is demoted or given a reduction in pay in a manner that creates a false and defamatory impression about the employee and thus stigmatizes the employee and forecloses other employment opportunities. An employee's liberty interest is implicated only if the reasons for the employee's demotion or reduction in pay were disclosed to the public by the employer. The alleged defamatory statements must be false statements of facts and must have been made in the course of the employee's demotion or reduction in pay. The employee cannot recover damages if it found that the alleged statements regarding his/her termination were in fact true. Finally, an employee must prove that he requested a hearing to clear his name and that the employer denied his request. Therefore, if the employee never requested a hearing to clear his name, he cannot prevail by any means.

## LACK OF MALICE/GOOD FAITH

If you find that the Plaintiff has proven his due process claims, you must then consider the individual Defendants' defense that they acted without malice and in good faith. Malice is defined as ill will, evil motive, gross indifference, or reckless disregard of the rights of others. Good faith is defined as honesty in belief or purpose, faithfulness to one's duty or obligation, and absence of intent to defraud or seek unconscionable advantage. As such, lack of good faith involves dishonesty, fraud, breach of fiduciary duty, and deceit. If you find from a preponderance of the evidence that a Defendant has proven his actions were done without malice and in good faith, then you cannot find them liable even if the Plaintiff's rights were, in fact, violated as a result of that Defendant's actions.

## AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

Plaintiff Jose Campos claims he would not have been demoted and/or re-assigned with a reduction in pay but for his age, which forced him into retirement.

Defendant Donna ISD denies Plaintiff Campos' claims and contends that Plaintiff Campos

was re-assigned due to poor work performance.

It is unlawful for an employer to discriminate against an employee because of the employee's age.

To prove unlawful discrimination, Plaintiff Jose Campos must prove by a preponderance of the evidence that:

1.  he was demoted, received a reduction in pay, and/or was constructively discharged;

2.  he was 40 years or older when he was demoted, received a reduction in pay, and/or was constructively discharged; and

3.  Defendant Donna Independent School District would not have demoted, reduced his pay, and/or constructively discharge Jose Campos but for his age.

Plaintiff Campos must prove that, in the absence of—but for—his age, Defendant Donna ISD would not have demoted him and reduced his pay, which led to his constructive discharge. If you find that Defendant Donna ISD's stated reason for its demotion, reduction in pay, and/or constructive discharge is not the real reason but is a pretext for age discrimination, you may, but are not required to, find that Defendant Donna ISD would not have decided to demote, reduce his pay, and/or constructively discharge Plaintiff Campos but for his age.

If you found that Defendant Donna ISD violated the ADEA, then you must determine whether it has caused Plaintiff Campos damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Campos has proved liability.

Plaintiff Jose Campos must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Campos need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: the amounts the evidence shows Plaintiff Campos would have earned had he remained an employee of Defendant Donna ISD and had not been demoted, given a decrease in pay and/or constructively discharged to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, that Defendant Donna ISD proves by a preponderance of the evidence Plaintiff Campos received in the interim.

If you find Defendant Donna ISD demoted, reduced his pay, or that Plaintiff Campos was constructively discharged because of his age, then you must also determine whether Defendant Donna ISD's action was "willful." To establish willfulness, Plaintiff must also prove that, when Defendant Donna ISD demoted, reduced his pay, or constructively discharged Plaintiff, Defendant either (a) knew that its conduct violated the ADEA, or (b) acted with reckless disregard for

compliance with the ADEA

**Constructive Discharge**

Plaintiff Jose Campos claims that although Defendant Donna ISD did not fire him, he was constructively discharged.

To prove constructive discharge, Plaintiff Jose Campos must prove by a preponderance of the evidence that his working conditions were so intolerable that a reasonable employee would feel compelled to resign.

"Intolerable working conditions" means more than conditions that are uncomfortable or worse than an employee might prefer. Teasing, making offhand comments, using offensive language, or making age-related jokes generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign. Isolated incidents (unless extremely serious) generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign.

In determining whether Plaintiff Jose Campos was constructively discharged, you must consider the evidence from both the Plaintiff Campos' perspective and the perspective of a reasonable person. First, you must look at the evidence from Plaintiff Campos' perspective and determine whether he actually felt compelled to resign. Second, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances and determine whether an objectively reasonable person similarly situated would have felt compelled to resign. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, you must find that Plaintiff Jose Campos in fact found his working conditions intolerable and also that a reasonable person in the same or similar circumstances as Plaintiff Campos would find those working conditions intolerable.

To prove constructive discharge, Plaintiff Campos must also prove the existence of an aggravating factor, such as:

(1) demotion;
(2) reduction in compensation;
(3) reduction in job responsibilities;
(4) reassignment to menial or degrading work;
(5) reassignment to work under a substantially younger supervisor;
(6) badgering, harassment, or humiliation by the employer calculated to encourage the
     employee's resignation; or
(7) offers of early retirement or continued employment on terms less favorable than the
     employee's former status.

## CONSIDER DAMAGES ONLY IF NECESSARY

If Plaintiffs have proved his/her claim against Defendants by a preponderance of the

8

evidence, you must determine the damages to which Plaintiffs' are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiffs are entitled to recover money from Defendants.

## COMPENSATORY DAMAGES

If you find that Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that he/she has suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of his/her injury. If Plaintiffs win, he/she is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, injury to reputation, personal humiliation and indignation that he/she has suffered because of the Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of his/her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## PUNITIVE DAMAGES

If you find that Defendants Sandoval, Castillo, Ramos, Infante or Yanez are liable for Plaintiff Jose Campos' injuries, you must award Plaintiff Campos the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that Defendants Sandoval, Castillo, Ramos, Infante or Yanez acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Campos has the burden of proving that punitive damages should be awarded for the constitutional violations and/or willful conduct, if any, of Defendants Sandoval, Castillo, Ramos, Infante or Yanez.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Campos has been made whole by compensatory damages, so punitive damages should be awarded only if Defendants' Sandoval, Castillo, Ramos, Infante or Yanez misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in finding the proper amount:

     1.    the reprehensibility of Defendants' Sandoval, Castillo, Ramos, Infante or Yanez conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether these Defendants' conduct was motivated by a desire to augment profit;

     2.    the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened; or

     3.    the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of the Defendants Sandoval, Castillo, Ramos, Infante or Yanez in fixing the amount of punitive damages.

You may impose punitive damages against one or more of the Defendants Sandoval, Castillo, Ramos, Infante or Yanez and not others. You may also award different amounts against Defendants Sandoval, Castillo, Ramos, Infante or Yanez.

### DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SO ORDERED this ___ day of April, 2016, at McAllen, Texas.


_____
U.S. District Judge Randy Crane

## QUESTIONS TO THE JURY

### QUESTION NO. 1

Do you find from a preponderance of the evidence that the Plaintiffs' constitutionally protected right to freely associate with the political opponents of Defendants Sandoval, Castillo, Ramos, Infante and Yanez in the 2014 Donna ISD school board election was a substantial or motivating factor in Donna ISD's decision to demote him/her and/or decrease his/her pay?

Answer "Yes" or "No" separately for each Plaintiff listed below:

| | | | |
|---|---|---|---|
| Jose V. Campos | _____ | Francisco Cuellar | _____ |
| Martha Orozco | _____ | Arturo Castillo, Sr. | _____ |
| Javier Garza | _____ | Linda Garza | _____ |

Proceed to Question No. 2.

### QUESTION NO. 2

Do you find from a preponderance of the evidence that the Plaintiffs' constitutionally protected right to freely associate with the political opponents of Defendants Sandoval, Castillo, Ramos, Infante and Yanez in the 2014 Donna ISD school board election was a substantial or motivating factor in Defendant Albert Sandoval's decision to demote him/her and/or decrease his/her pay?

Answer "Yes" or "No" separately for each Plaintiff listed below:

| | | | |
|---|---|---|---|
| Jose V. Campos | _____ | Francisco Cuellar | _____ |
| Martha Orozco | _____ | Arturo Castillo, Sr. | _____ |
| Javier Garza | _____ | Linda Garza | _____ |

Proceed to Question No. 3.

### QUESTION NO. 3

Do you find from a preponderance of the evidence that the Plaintiffs' constitutionally protected right to freely associate with the political opponents of Defendants Sandoval, Castillo, Ramos, Infante and Yanez in the 2014 Donna ISD school board election was a substantial or motivating factor in Defendant Tomasa Ramos' decision to demote him/her and/or decrease his/her pay?

Answer "Yes" or "No" separately for each Plaintiff listed below:

| | | | |
|---|---|---|---|
| Jose V. Campos | _____ | Francisco Cuellar | _____ |
| Martha Orozco | _____ | Arturo Castillo, Sr. | _____ |
| Javier Garza | _____ | Linda Garza | _____ |

12

Proceed to Question No. 4.

## QUESTION NO. 4

Do you find from a preponderance of the evidence that the Plaintiffs' constitutionally protected right to freely associate with the political opponents of Defendants Sandoval, Castillo, Ramos, Infante and Yanez in the 2014 Donna ISD school board election was a substantial or motivating factor in Defendant Nick Castillo's decision to demote him/her and/or decrease his/her pay?

Answer "Yes" or "No" separately for each Plaintiff listed below:

| | | | |
|---|---|---|---|
| Jose V. Campos | _____ | Francisco Cuellar | _____ |
| Martha Orozco | _____ | Arturo Castillo, Sr. | _____ |
| Javier Garza | _____ | Linda Garza | _____ |

Proceed to Question No. 5.

## QUESTION NO. 5

Do you find from a preponderance of the evidence that the Plaintiffs' constitutionally protected right to freely associate with the political opponents of Defendants Sandoval, Castillo, Ramos, Infante and Yanez in the 2014 Donna ISD school board election was a substantial or motivating factor in Defendant Eloy Infante's decision to demote him/her and/or decrease his/her pay?

Answer "Yes" or "No" for separately each Plaintiff listed below:

| | | | |
|---|---|---|---|
| Jose V. Campos | _____ | Francisco Cuellar | _____ |
| Martha Orozco | _____ | Arturo Castillo, Sr. | _____ |
| Javier Garza | _____ | Linda Garza | _____ |

Proceed to Question No. 6.

13

**QUESTION NO. 6**

Do you find from a preponderance of the evidence that the Plaintiffs' constitutionally protected right to freely associate with the political opponents of Defendants Sandoval, Castillo, Ramos, Infante and Yanez in the 2014 Donna ISD school board election was a substantial or motivating factor in Defendant Elpidio Yanez' decision to demote him/her and/or decrease his/her pay?

Answer "Yes" or "No" separately for each Plaintiff listed below:

| | | | |
|---|---|---|---|
| Jose V. Campos | _____ | Francisco Cuellar | _____ |
| Martha Orozco | _____ | Arturo Castillo, Sr. | _____ |
| Javier Garza | _____ | Linda Garza | _____ |

If you answered "YES" to Questions Nos. 1, 2, 3, 4, 5, or 6 as to any Plaintiff(s), then answer Question Nos. 7 and 8 as to such Plaintiff(s); otherwise do not answer Question Nos. 7 and 8 and proceed to Question No. 9.

**QUESTION NO. 7**

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate each Plaintiff for his/her damages caused by any of the Defendants which you have found to have violated his/her First Amendment Rights?

Answer in dollars and cents, if any, separately for each Plaintiff.

**Jose Campos**

    a.  Lost Earnings, including benefits, in the past.

        Answer: $ _____

    b.  Lost Earnings, including benefits, in the future.

        Answer: $_____

    c.  Compensatory Damages.

        Answer: $_____

14

**Martha Orozco**

    a.  Lost Earnings in the past.

        Answer: $_____

    b.  Lost Earnings in the future.

        Answer: $_____

    c.  Compensatory Damages.

        Answer: $_____

**Francisco A. Cuellar**

    a.  Lost Earnings in the past.

        Answer: $_____

    b.  Lost Earnings in the future.

        Answer: $_____

    c.  Compensatory Damages.

        Answer: $_____

**Arturo Castillo, Sr.**

    a.  Lost Earnings in the past.

        Answer: $_____

    b.  Lost Earnings in the future.

        Answer: $_____

    c.  Compensatory Damages in the past.

        Answer: $_____

    d.  Compensatory Damages in the future.

        Answer: $_____

15

**Javier Garza**

    a.  Lost Earnings in the past.

        Answer: $_____

    b.  Lost Earnings in the future.

        Answer: $_____

    c.  Compensatory Damages in the past.

        Answer: $_____

    d.  Compensatory Damages in the future.

        Answer: $_____

**Linda Garza**

    a.  Lost Earnings in the past.

        Answer: $_____

    b.  Lost Earnings in the future.

        Answer: $_____

    c.  Compensatory Damages in the past.

        Answer: $_____

    d.  Compensatory Damages in the future.

        Answer: $_____

**QUESTION NO. 8**

Do you find from a preponderance of the evidence that any of the Defendants named below acted with malice or willfulness or with reckless indifference to the rights of Plaintiffs which you found were violated such that punitive damages should be assessed?

Answer "Yes" or "No" separately as to each listed Defendant. If you answer "YES" as to any Defendant named below, state the amount for each such Defendant:

Albert Sandoval      _____      Amount: $_____

Tomasa Ramos         _____      Amount: $_____

Nick Castillo        _____      Amount: $_____

Eloy Infante         _____      Amount: $_____

Elipido Yanez        _____      Amount: $_____

Proceed to Question No. 9.

17

**QUESTION NO. 9**

Do you find from a preponderance of the evidence that Defendant Donna ISD acted under color of state law to deprive any of the following Plaintiffs of their protected property interest without an opportunity to be heard, and that the Defendant Donna ISD's acts were the legal cause of any of the following Plaintiffs' damages?

Answer "Yes" or "No" separately for each listed Plaintiff:

Jose V. Campos        _____        Francisco Cuellar        _____

Martha Orozco        _____        Arturo Castillo, Sr.        _____

Javier Garza        _____        Linda Garza        _____


If you answered "YES" to Question No. 9 as to any Plaintiff(s) then answer Question No. 10 as to such Plaintiff(s); otherwise do not answer Question Nos. 10 and proceed to Question 11.


**QUESTION NO. 10**

Do you find from a preponderance of the evidence that the Defendant Donna ISD's deprivation of any of the following Plaintiffs' property interest was arbitrary and capricious?

Answer "Yes" or "No" separately for each listed Plaintiff

Jose V. Campos        _____        Francisco Cuellar        _____

Martha Orozco        _____        Arturo Castillo, Sr.        _____

Javier Garza        _____        Linda Garza        _____


If you answered "YES" to Question No. 10 as to any Plaintiff(s) then answer Question 11 as to such Plaintiff(s); otherwise do not answer Question No. 11 and proceed to Question No. 12.


**QUESTION NO. 11**

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate any of the following Plaintiffs for their damages, if any, that resulted from the failure, if any, to provide them an opportunity to be heard?

Do not include any amounts included in your answer to any other damages question. That is, do not compensate twice for the same loss.

Answer separately for each in dollars and cents:

Jose Campos        $_____        Martha Orozco        $_____

18

Francisco Cuellar      $_____      Arturo Castillo, Jr.   $_____

Javier Garza          $_____      Linda Garza           $_____


Proceed to Question 12.


## **QUESTION NO. 12**

Do you find from a preponderance of the evidence that Donna ISD deprived any of the following Plaintiffs of a liberty interest?

Answer "Yes" or "No" separately for each listed Plaintiff:

Jose V. Campos        _____          Francisco Cuellar      _____

Martha Orozco         _____          Arturo Castillo, Sr.   _____

Javier Garza          _____          Linda Garza           _____


If you answered "YES" to Question 12 as to any Plaintiff(s) then answer Question 13 as to such Plaintiff(s); otherwise do not answer Question No. 13 and proceed to Question No. 15.


## **QUESTION NO. 13**

Do you find from a preponderance of the evidence that Defendant Donna ISD's actions were done without malice and in good faith with respect to any Plaintiff(s) you answered "Yes" for in Question 15, and, thus, is not liable?

Answer "Yes" or "No" separately for each listed Plaintiff you found was deprived of a liberty interest:

Jose V. Campos        _____          Francisco Cuellar      _____

Martha Orozco         _____          Arturo Castillo, Sr.   _____

Javier Garza          _____          Linda Garza           _____


If you answered "NO" to Question 15 as to any Plaintiff(s), answer Question No. 14 as to such Plaintiff(s); otherwise do not answer Question No. 14 and proceed to Question No. 15.


## **QUESTION NO. 14**

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate any of the following Plaintiffs for their damages, if any, that resulted from the violation of his liberty interests?

19

Do not include any amounts included in your answer to any other damages question. That is, do not compensate twice for the same loss.

Answer separately for each in dollars and cents:

| | | | |
|---|---|---|---|
| Jose Campos | $_____ | Martha Orozco | $_____ |
| Francisco Cuellar | $_____ | Arturo Castillo, Jr. | $_____ |
| Javier Garza | $_____ | Linda Garza | $_____ |

Proceed to Question No. 15.


**QUESTION NO. 15**
Has Plaintiff Jose Campos proved that, but for his age, Defendant Donna ISD would not have demoted, reduced his pay, or constructively discharge him?

Answer "Yes" or "No":

Answer: _____


If you answered "YES" to Question No. 15, then answer Question Nos. 16 and 17; otherwise do not answer Question No. 16 or 17.


**QUESTION NO. 16**
Was Defendant Donna ISD's demotion, reduction of pay, or constructive discharge of Plaintiff Jose Campos willful?

Answer "Yes" or "No":

Answer: _____


**QUESTION NO. 17**
What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jose Campos for the damages, if any, you have found Defendant Donna ISD's wrongful conduct, if any, caused Plaintiff Jose Campos?

Answer in dollars and cents for the following items, and no others:

   a.  Past wages and benefits from _____ to April __, 2016.

20

$_____

b. Future wages and benefits

$_____

c. Compensatory Damages

$_____

## <u>CERTIFICATE OF UNANIMOUS VERDICT</u>

We, the jury, have answered the above questions as herein indicated, and herewith return same into court as our unanimous verdict.

Date/Time: _____

_____
FOREPERSON