THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE V. CAMPOS, MARTHA OROZCO, FRANCISCO A CUELLAR, ARTURO CASTILLO, SR., JAVIER GARZA AND LINDA GARZA<br>    Plaintiffs,<br><br>VS.<br><br>DONNA INDEPENDENT SCHOOL DISTRICT, ALBERT SANDOVAL, TOMASA RAMOS NICK CASTILLO, ELOY INFANTE AND ELPIDIO YANEZ INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF TRUSTEES,<br>    Defendants. | § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br>CIVIL ACTION NO. 7:15-CV-070<br><br><br><br><br><br><br><br><br><br>JURY REQUESTED |

**PLAINTIFFS' MOTION IN LIMINE**

Plaintiffs, **JOSE V. CAMPOS, MARTHA A. OROZCO, FRANCISCO A. CUELLAR, ARTURO CASTILLO, SR., JAVIER GARZA AND LINDA GARZA**, request that the Court enter an order that opposing counsel and, through opposing counsel, any and all witnesses called on behalf of the opposing party, be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence, concerning any one or more of the matters set forth in this motion. Plaintiffs also ask the Court to order that, if opposing counsel wishes to propose a theory of admissibility concerning these matters, he or she first request a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause.

1

## I. The Purpose of the Motion in Limine

The matters set out below would be inadmissible in evidence for any purpose on proper and timely objection in that they have no bearing on the issues in this case or the rights of the parties to this suit, or even if relevant, the evidence would confuse the jury or be unfairly prejudicial to the Plaintiffs. Permitting interrogation of witnesses, comments to jurors or to prospective jurors, or offers of evidence concerning any of the matters set forth below would unfairly prejudice the Plaintiffs and/or confuse the jury. Further, even the Court were to sustain objections to such questions, statements, or evidence introduced by counsel or witnesses, that alone will not prevent prejudice, but will instead reinforce the development of questionable evidence.

## II.

The following matters would not be admissible for any purpose in the cause:

### Expert Testimony

1. <u>Undisclosed Expert Testimony</u>. Any testimony by an expert witness since no expert witnesses have been disclosed to Plaintiffs pursuant to Fed.R.Civ.P. 26. F.R.E. 403 and 702.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Lay Witness Testimony

2. <u>Exclusion of Witnesses</u>. Any reference or suggestion that there are other witnesses the Defendants could have or wished to call to the stand but the Court would not allow it to do so. Defendants' counsel and its witnesses should be instructed not to suggest to the jury, by

argument or otherwise, that other witnesses would have been called or what such witnesses would have said. Any such reference would be inadmissible as unfairly prejudicial. F.R.E. 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

      3. <u>Witnesses Not Called by the Plaintiff</u>. References as to any witnesses, available to both parties, that the Plaintiffs did not call particular people to the witness stand to testify. F.R.E. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Evidence Trying to Impugn Plaintiffs' Good Character

      4. Any reference to any of the Plaintiffs personal habits such as smoking or drinking in an effort to impugn their character as such are not relevant to the issues of this case and are unfairly prejudicial. F.R.E. 401 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

      5. Any reference to the Plaintiffs' prior marriages as such are not relevant to the issues of this case and are unfairly prejudicial. F.R.E. 401 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

6. Any reference to the Plaintiffs' family or relatives who are or may be involved in criminal proceedings as such are not relevant to the issues of this case and are unfairly prejudicial. F.R.E. 401 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

## Prior Claims or Legal Proceedings

7. Any reference that the Plaintiffs are or have ever been involved in any other legal proceeding or claims, because this is irrelevant to the issues of this case and is highly prejudicial to Plaintiffs. F.R.E. 401 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

8. Any mention or reference that Plaintiffs are, or may be, claims-minded or litigious. F.R.E. 401 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____
Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

9. Any question or statement asking the Plaintiff if he has ever "claimed," "testified," or "given a deposition," or any language that will indicate to the jury that there has ever been a previous claim, lawsuit or lawyers hired, or depositions or testimony in any previous case or claim as such evidence would cause prejudice, confusion, and be a waste of time. F.R.E. 403.

GRANTED: _____
DENIED: _____

MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Fact of Existence of Motion in Limine

10. That this Motion in Limine has been filed or any ruling by the Court in response to this Motion in Limine, suggesting or inferring to the jury that Plaintiffs have moved to prohibit certain matters from being heard by the jurors, or that the Court has excluded certain matters from the hearing of the jury. F.R.E. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Damages and Attorneys, Including Their Fees

11. Any mention of or reference to Plaintiffs' right to recover attorney's fees or pre- or post-judgment interest, which this Court will determine after the trial. F.R.E. 401, 402 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

12. Any suggestion that an award to Plaintiffs may not be subject to federal income taxation as such is untrue. F.R.E. 401 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

13. References to the time or circumstances under which the Plaintiffs employed their attorneys, including the fee arrangement between the Plaintiffs and their lawyers. Because the

attorneys' fees, if any, to which the Plaintiffs may be entitled should they prevail in this litigation are handled in a separate hearing after the completion of the trial, the fee arrangement between the Plaintiffs and their lawyers has absolutely no relevance to this litigation. Further, because this matter is irrelevant to this case for any other purpose, such a reference could be offered for no reason other than to inflame or prejudice the jury. F.R.E. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Settlement Discussions

14. Any reference to settlement discussions between the parties or the parties' attempt to compromise the case during mediation. F.R.E. 408, 401, and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Undisclosed Evidence and Requests of Counsel

15. Requesting counsel for Plaintiffs to stipulate to evidence, produce evidence or documents in his file or in the Plaintiffs' possession while the jury is present, or any attempt to address questions to Plaintiffs' counsel in front of the jury. F.R.E. 401 and 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

16. Any mention or display of or attempt to introduce before the jury any information, document, or other tangible form of evidence that was not timely produced by the Defendants

pursuant to the Federal Rules of Civil Procedure, specifically F.R.C.P. 26(a)(1), 2(a)(3), 30(b)(6), 30(g), 33, 34, and 36. F.R.E. 403, 602.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the Motion in Limine.

### Attorneys Statements or Comments

17. Any reading or reference to comments or statements of attorneys, other than questions to witnesses, contained in any deposition taken in this case because such constitutes unsworn testimony or statements. F.R.E.603.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Attempts to Prejudice

18. References to the effect that an award of damages to the Plaintiffs may have an effect (specifically, an adverse effect) on the ability of any of the Defendants to do business or retain employees. Such a suggestion would (a) have no relevance to the decisions the jury is called upon to make; and (b) be inherently prejudicial. F.R.E. 401, 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

19. Any indication, suggestion, or insinuation that any of the Defendants' employees, Defendants, or taxpayers will or will not have to (personally) pay any judgment entered in this case as such argument is outside the scope of the evidence to be presented and further is

7

irrelevant and prejudicial as such evidence would cause prejudice, confusion, and be a waste of time. F.R.E. 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

20. That Defendants or its counsel make no reference to, or mention of, or use in any form of a Golden Rule argument or other argument, attempting to place the jurors in the place of the Defendant, since such arguments are not based on evidence to be considered by the jury as such evidence would cause prejudice, confusion, and be a waste of time. F.R.E. 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

21. Any reference or suggestion that Plaintiffs' counsel specializes or handles only cases involving employment or wrongful termination as such evidence would cause prejudice, confusion, and be a waste of time. F.R.E. 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

22. That the Defendants not request the Plaintiffs' attorneys to stipulate to the admissibility of evidence or to any facts in front of the jury, as such would only be done for the purpose of attempting to prejudice the jury, and this is a matter that would more probably be taken up outside the presence of the jury as such evidence would cause prejudice, confusion, and be a waste of time. F.R.E. 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

23. That the Defendants not present any evidence or argument which would tend to inform the jury or jury panel of the effect of their answers to the questions submitted by the Court to the jury in this case, except with respect to the damage issues which are predicated upon a finding of liability on the part of the Defendants, and thus the jury is already apprised of the effect of the answers insofar as answering the damages question as such evidence would cause prejudice, confusion, and be a waste of time. F.R.E. 403.

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

### Qualified Immunity Defense

24. That Defendants or its counsel make no reference to, or mention of, the existence of a Qualified Immunity defense as such was not pled as required by the Federal Rules of Civil Procedure 8(a) and therefore waived. ***Scott v. Collins,*** 286 F.3d 923, 927-28 (6th Cir. 2002), ***In re Cumberland Farms,*** 284 F.3d 216, 225 (1st Cir. 2002).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

25. That Defendants or their counsel make no reference to, or mention of, the any elements of the Qualified Immunity defense since such was not pled as required by the Federal

Rules of Civil Procedure 8(a) and therefore waived. *Scott v. Collins,* 286 F.3d 923, 927-28 (6th Cir. 2002), *In re Cumberland Farms,* 284 F.3d 216, 225 (1st Cir. 2002).

GRANTED: _____
DENIED: _____
MODIFIED: _____

26. That Defendants or their counsel make no reference to, or mention of, the element of the Qualified Immunity defense that Defendants did not knowingly violate the law when they voted to demote the Plaintiffs since such was not pled as required by the Federal Rules of Civil Procedure 8(a) and therefore waived. *Scott v. Collins,* 286 F.3d 923, 927-28 (6th Cir. 2002), *In re Cumberland Farms,* 284 F.3d 216, 225 (1st Cir. 2002).

GRANTED: _____
DENIED: _____
MODIFIED: _____

27. That Defendants or their counsel make no reference to, or mention of, the element of the Qualified Immunity defense that Defendants reasonably believed that their decision to demote the Plaintiffs was lawful since such was not pled as required by the Federal Rules of Civil Procedure 8(a) and therefore waived. *Scott v. Collins,* 286 F.3d 923, 927-28 (6th Cir. 2002), *In re Cumberland Farms,* 284 F.3d 216, 225 (1st Cir. 2002).

GRANTED: _____
DENIED: _____
MODIFIED: _____

Plaintiffs [do/do not] object to the Court's ruling on this portion of the motion in limine.

## Conclusion

The Plaintiffs respectfully asks this Court to grant their Motion in Limine.

Respectfully submitted,

**GODINEZ LAW FIRM, P.C.**
2415 North 10th Street
McAllen, Texas   78501
Telephone:  (956) 682-5434
Facsimile:  (956) 683-1172


By:   /s /Ricardo R. Godinez
      RICARDO R. GODINEZ
      Federal Bar No:  18033

      GUSTAVO L. ACEVEDO, JR.
      814 Del Oro Lane
      Pharr, Texas 78577
      (956) 787-4441 (Telephone)
      (956) 787-4499 (Facsimile)
      Federal Court ID No. 10810
      Texas State Bar No. 00829805

      **Email: GLAcevedo@aol.com**

      **ATTORNEYS FOR PLAINTIFFs**

**CERTIFICATE OF SERVICE**


This is to certify that a true and correct copy of the foregoing instrument has been served on all parties and/or their attorneys of record by electronic notification and/or by United States mail on April 21, 2016.



/s/ Ricardo R. Godinez
RICARDO R. GODINEZ
Federal Bar No.: 18033
State Bar No.: 00784137