UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE V. CAMPOS, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-070 |
| | § § | |
| DONNA INDEPENDENT SCHOOL DISTRICT, *et al*, | § § § | |
| Defendants. | § § | |

## Questions about Plaintiff Linda Garza

### QUESTION 1

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval** made a decision to re-assign Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 2. If you answered no, skip Question 2 and 3 and move on to Question 4.

### QUESTION 2

Do you find by a preponderance of the evidence that Linda Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Albert Sandoval's** decision to re-assign her from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __yes__.

Continue to Question 3.

### QUESTION 3

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval** would have reassigned Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy for other reasons even if Linda Garza had not exercised her rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 4.

## QUESTION 4

Only answer this question if you answered no to Question 3. If you answered yes to Question 3 or if you did not answer Question 3, skip Questions 4 and 5 and continue to Question 6.

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval's** actions were done with malice or willfulness or with reckless indifference to the rights of Linda Garza such that punitive damages should be assessed?

Answer Yes or No: __yes__.

If you answered yes, continue to Question 5. If you answered no, skip Question 5 and continue to Question 6.

## QUESTION 5

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Albert Sandoval's** actions done with malice or willfulness or reckless indifference to the rights of Linda Garza? Answer in dollars and cents.

Answer: $__100,000__.

Continue to Question 6.

## QUESTION 6

Do you find by a preponderance of the evidence that **Defendant Nick Castillo** made a decision to re-assign Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 7. If you answered no, skip Questions 7 and 8 and move on to Question 9.

## QUESTION 7

Do you find by a preponderance of the evidence that Linda Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Nick Castillo's** decision to re-assign her from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __yes__.

Continue to Question 8.

## QUESTION 8

Do you find by a preponderance of the evidence that **Defendant Nick Castillo** would have reassigned Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy for other reasons even if Linda Garza had not exercised her rights to associate with political groups?

Answer Yes or No: __No__.

Continue to Question 9.

## QUESTION 9

Only answer this question if you answered no to Question 8. If you answered yes to Question 8 or you did not answer Question 8, skip Questions 9 and 10 and continue to Question 11.

Do you find by a preponderance of the evidence that **Defendant Nick Castillo's** actions were done with malice or willfulness or with reckless indifference to the rights of Linda Garza such that punitive damages should be assessed?

Answer Yes or No: __yes__.

If you answered yes, continue to Question 10. If you answered no, skip Question 10 and continue to Question 11.

## QUESTION 10

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Nick Castillo's** actions done with malice or willfulness or reckless indifference to the rights of Linda Garza? Answer in dollars and cents.

Answer: $ __120,000__.

Continue to Question 11.

## QUESTION 11

Do you find by a preponderance of the evidence that **Defendant Eloy Infante** made a decision to re-assign Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 12. If you answered no, skip Questions 12 and 13 and move on to Question 14.

## QUESTION 12

Do you find by a preponderance of the evidence that Linda Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Eloy Infante's** decision to re-assign her from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __Yes__.

Continue to Question 13.

## QUESTION 13

Do you find by a preponderance of the evidence that **Defendant Eloy Infante** would have reassigned Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy for other reasons even if Linda Garza had not exercised her rights to associate with political groups?

Answer Yes or No: __No__.

Continue to Question 14.

## QUESTION 14

Only answer this Question if you answered no to Question 13. If you answered yes to Question 13 or you did not answer Question 13—skip Questions 14 and 15 and continue to Question 16.

Do you find by a preponderance of the evidence that **Defendant Eloy Infante's** actions were done with malice or willfulness or with reckless indifference to the rights of Linda Garza such that punitive damages should be assessed?

Answer Yes or No: __Yes__.

If you answered yes, continue to Question 15. If you answered no, skip Question 15 and continue to Question 16.

## QUESTION 15

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Eloy Infante's** actions done with malice or willfulness or reckless indifference to the rights of Linda Garza? Answer in dollars and cents.

Answer: $ __50,000__.

Continue to Question 16.

## QUESTION 16

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez** made a decision to re-assign Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __Yes__.

If you answer yes, continue to Question 17. If you answered no, skip Questions 17 and 18 and move on to Question 19.

### QUESTION 17

Do you find by a preponderance of the evidence that Linda Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Elpidio Yanez's** decision to re-assign her from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: __yes__.

Continue to Question 18.

### QUESTION 18

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez** would have reassigned Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy for other reasons even if Linda Garza had not exercised her rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 19.

### QUESTION 19

Only answer this question if you answered no to Question 18. If you answered yes Question 18 or you did not answer Question 18—skip Questions 19 and 20 and continue to Question 21.

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez's** actions were done with malice or willfulness or with reckless indifference to the rights of Linda Garza such that punitive damages should be assessed?

Answer Yes or No: __yes__.

If you answered yes, continue to Question 20. If you answered no, skip Question 20 and continue to Question 21.

### QUESTION 20

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Elpidio Yanez's** actions done with malice or willfulness or reckless indifference to the rights of Linda Garza? Answer in dollars and cents.

Answer: $ 50,000 .

Continue to Question 21.

### QUESTION 21

Do you find by a preponderance of the evidence that **Defendant Donna ISD** made a decision to re-assign Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: yes .

If you answer yes, continue to Question 22. If you answered no, skip Questions 22 and 23 and move on to Question 24.

### QUESTION 22

Do you find by a preponderance of the evidence that Linda Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Donna ISD's** decision to re-assign her from Staff Development Coordinator to Strategist at 3-D Academy?

Answer Yes or No: yes .

Continue to Question 23.

### QUESTION 23

Do you find by a preponderance of the evidence that **Defendant Donna ISD** would have reassigned Linda Garza from Staff Development Coordinator to Strategist at 3-D Academy for other reasons even if Linda Garza had not exercised her rights to associate with political groups?

Answer Yes or No: no .

Continue to Question 24.

### QUESTION 24

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Linda Garza for her damages caused by the Defendants' violation of her First Amendment Rights?

Do not include any amounts included in your answer to any other damages question. That is, do

not compensate twice for the same loss. Answer in dollars and cents.

a.  Mental Anguish in the past.
    Answer: $ 100,000 .

b.  Mental Anguish in the future.
    Answer: $ 100,000 .

Continue on to the next Plaintiff.