UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE V. CAMPOS, *et al*, § § § Plaintiffs, § VS. § CIVIL ACTION NO. 7:15-CV-070 § DONNA INDEPENDENT SCHOOL § DISTRICT, *et al*, § § Defendants. § | |

## Questions about Plaintiff Javier Garza

**QUESTION 1**

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval** made a decision to re-assign Javier Garza from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 2. If you answered no, skip Question 2 and 3 and move on to Question 4.

**QUESTION 2**

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Albert Sandoval's** decision to re-assign him from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

Continue to Question 3.

**QUESTION 3**

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval** would have reassigned Javier Garza from Director of Warehouse to Supervisor of Warehouse for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __No__.

Continue to Question 4.

## QUESTION 4

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval** made a decision to reduce Javier Garza's pay?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 5. If you answered no, skip Question 5 and 6 and move on to Question 7.

## QUESTION 5

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Albert Sandoval's** decision to reduce his pay?

Answer Yes or No: __yes__.

Continue to Question 6.

## QUESTION 6

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval** would have decreased Javier Garza's pay for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

## QUESTION 7

Only answer this question if you answered no to Question 3 or Question 6. If you answered yes to both Question 3 and Question 6—or you did not answer either of them—skip Questions 7 and 8 and continue to Question 9.

Do you find by a preponderance of the evidence that **Defendant Albert Sandoval's** actions were done with malice or willfulness or with reckless indifference to the rights of Javier Garza such that punitive damages should be assessed?

Answer Yes or No: __yes__.

If you answered yes, continue to Question 8. If you answered no, skip Question 8 and continue to Question 9.

## QUESTION 8

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Albert Sandoval's** actions done with malice or willfulness or reckless indifference to the rights of Javier Garza? Answer in dollars and cents.

Answer: $ 100,000 .

Continue to Question 9.

### QUESTION 9

Do you find by a preponderance of the evidence that **Defendant Nick Castillo** made a decision to re-assign Javier Garza from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: yes .

If you answer yes, continue to Question 10. If you answered no, skip Questions 10 and 11 and move on to Question 12.

### QUESTION 10

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Nick Castillo's** decision to re-assign him from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: yes .

Continue to Question 11.

### QUESTION 11

Do you find by a preponderance of the evidence that **Defendant Nick Castillo** would have reassigned Javier Garza from Director of Warehouse to Supervisor of Warehouse for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: no .

Continue to Question 12.

### QUESTION 12

Do you find by a preponderance of the evidence that **Defendant Nick Castillo** made a decision to reduce Javier Garza's pay?

Answer Yes or No: yes .

If you answer yes, continue to Question 13. If you answered no, skip Questions 13 and 14 and move on to Question 15.

## QUESTION 13

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Nick Castillo's** decision to reduce his pay?

Answer Yes or No: __yes__.

Continue to Question 14.

## QUESTION 14

Do you find by a preponderance of the evidence that **Defendant Nick Castillo** would have decreased Javier Garza's pay for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 15.

## QUESTION 15

Only answer this question if you answered no to Question 11 or Question 14. If you answered yes to both Question 11 and Question 14—or you did not answer either of them—skip Questions 15 and 16 and continue to Question 17.

Do you find by a preponderance of the evidence that **Defendant Nick Castillo's** actions were done with malice or willfulness or with reckless indifference to the rights of Javier Garza such that punitive damages should be assessed?

Answer Yes or No: __yes__.

If you answered yes, continue to Question 16. If you answered no, skip Question 16 and continue to Question 17.

## QUESTION 16

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Nick Castillo's** actions done with malice or willfulness or reckless indifference to the rights of Javier Garza? Answer in dollars and cents.

Answer: $ __120,000__.

Continue to Question 17.

## QUESTION 17

Do you find by a preponderance of the evidence that **Defendant Eloy Infante** made a decision to re-assign Javier Garza from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 18. If you answered no, skip Questions 18 and 19 and move on to Question 20.

## QUESTION 18

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Eloy Infante's** decision to re-assign him from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

Continue to Question 19.

## QUESTION 19

Do you find by a preponderance of the evidence that **Defendant Eloy Infante** would have reassigned Javier Garza from Director of Warehouse to Supervisor of Warehouse for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 20.

## QUESTION 20

Do you find by a preponderance of the evidence that **Defendant Eloy Infante** made a decision to reduce Javier Garza's pay?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 21. If you answered no, skip Questions 21 and 22 and move on to Question 23.

## QUESTION 21

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Eloy**

**Infante's** decision to reduce his pay?

Answer Yes or No: __yes__.

Continue to Question 22.

## QUESTION 22

Do you find by a preponderance of the evidence that **Defendant Eloy Infante** would have decreased Javier Garza's pay for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 23.

## QUESTION 23

Only answer this Question if you answered no to Question 19 or Question 22. If you answered yes to both Question 19 and Question 22—or you did not answer either of them—skip Questions 23 and 24 and continue to Question 25.

Do you find by a preponderance of the evidence that **Defendant Eloy Infante's** actions were done with malice or willfulness or with reckless indifference to the rights of Javier Garza such that punitive damages should be assessed?

Answer Yes or No: __yes__.

If you answered yes, continue to Question 24. If you answered no, skip Question 24 and continue to Question 25.

## QUESTION 24

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Eloy Infante's** actions done with malice or willfulness or reckless indifference to the rights of Javier Garza? Answer in dollars and cents.

Answer: $ __50,000__.

Continue to Question 25.

## QUESTION 25

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez** made a decision to re-assign Javier Garza from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 26. If you answered no, skip Questions 26 and 27 and move on to Question 28.

### QUESTION 26

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Elpidio Yanez's** decision to re-assign him from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

Continue to Question 27.

### QUESTION 27

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez** would have reassigned Javier Garza from Director of Warehouse to Supervisor of Warehouse for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 28.

### QUESTION 28

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez** made a decision to reduce Javier Garza's pay?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 29. If you answered no, skip Questions 29 and 30 and move on to Question 31.

### QUESTION 29

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Elpidio Yanez's** decision to reduce his pay?

Answer Yes or No: __yes__.

Continue to Question 30.

**QUESTION 30**

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez** would have decreased Javier Garza's pay for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 31.

**QUESTION 31**

Only answer this question if you answered no to Question 27 or Question 30. If you answered yes to both Question 27 and Question 30—or you did not answer either of them—skip Questions 31 and 32 and continue to Question 33.

Do you find by a preponderance of the evidence that **Defendant Elpidio Yanez's** actions were done with malice or willfulness or with reckless indifference to the rights of Javier Garza such that punitive damages should be assessed?

Answer Yes or No: __yes__.

If you answered yes, continue to Question 32. If you answered no, skip Question 32 and continue to Question 33.

**QUESTION 32**

What sum of punitive damages, if paid now in cash, do you find from a preponderance of the evidence should be awarded for **Defendant Elpidio Yanez's** actions done with malice or willfulness or reckless indifference to the rights of Javier Garza? Answer in dollars and cents.

Answer: $ __50,000__.

Continue to Question 33.

**QUESTION 33**

Do you find by a preponderance of the evidence that **Defendant Donna ISD** made a decision to re-assign Javier Garza from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 34. If you answered no, skip Questions 34 and 35 and move on to Question 36.

**QUESTION 34**

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Donna ISD's** decision to re-assign him from Director of Warehouse to Supervisor of Warehouse?

Answer Yes or No: __yes__.

Continue to Question 35.

## QUESTION 35

Do you find by a preponderance of the evidence that **Defendant Donna ISD** would have reassigned Javier Garza from Director of Warehouse to Supervisor of Warehouse for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 36.

## QUESTION 36

Do you find by a preponderance of the evidence that **Defendant Donna ISD** made a decision to reduce Javier Garza's pay?

Answer Yes or No: __yes__.

If you answer yes, continue to Question 37. If you answered no, skip Questions 37 and 38 and move on to Question 39.

## QUESTION 37

Do you find by a preponderance of the evidence that Javier Garza's constitutionally protected rights to associate with political groups was a substantial or motivating factor in **Defendant Donna ISD's** decision to reduce his pay?

Answer Yes or No: __yes__.

Continue to Question 38.

## QUESTION 38

Do you find by a preponderance of the evidence that **Defendant Donna ISD** would have decreased Javier Garza's pay for other reasons even if Javier Garza had not exercised his rights to associate with political groups?

Answer Yes or No: __no__.

Continue to Question 39.

**QUESTION 39**

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Javier Garza for his damages caused by the Defendants' violation of his First Amendment Rights?

Do not include any amounts included in your answer to any other damages question. That is, do not compensate twice for the same loss. Answer in dollars and cents.

    a.    Earnings, including benefits, that Javier Garza has lost in the past.
          Answer: $ __8,000__.

    b.    Mental Anguish in the past.
          Answer: $ __100,000__.

    c.    Mental Anguish in the future.
          Answer: $ __100,000__.

Continue on to the next Plaintiff.